# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DAVID A. KOVACIC,**

    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

CASE NO. 1:20 CV 90

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Plaintiff David A. Kovacic ("Plaintiff") filed a Complaint against the Commissioner of Social Security ("Commissioner") seeking judicial review of the Commissioner's decision to deny disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Doc. 1). The Court has jurisdiction under 42 U.S.C. §§ 1383(c) and 405(g). For the reasons stated below, the Court reverses the decision of the Commissioner and remands for further proceedings consistent with this opinion.

## PROCEDURAL BACKGROUND

Plaintiff filed for DIB and SSI in March 2015, alleging a disability onset date of April 23, 2012. (Tr. 234-35, 241-43). His claims were denied initially and upon reconsideration. (Tr. 147-62, 165-76). Plaintiff then requested a hearing before an administrative law judge ("ALJ"). (Tr. 177-79). Plaintiff failed to appear at a January 2017 hearing in Cleveland, Ohio. (Tr. 27). On April 27, 2017, the ALJ found Plaintiff not disabled in a written decision. (Tr. 27-37). The Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner. (Tr. 1-3); *see* 20 C.F.R. §§ 404.955, 404.981, 416.1455, 416.1481. Plaintiff filed

suit in the Northern District of Ohio on May 31, 2018. *Kovacic v. Comm'r of Soc. Sec.*, No.1:18-CV-1239 (N.D. Ohio). Judge James Gwin remanded the case for further proceedings pursuant to a joint stipulation on January 31, 2019. (Tr. 2652). Consequently, on March 18, 2019 the Appeals Council vacated the ALJ's decision and remanded the case, in part to address the opinions of Dr. Paul Hanahan:

> The hearing decision does not contain an adequate evaluation of all of the opinions from the claimant's treating source Paul Hanahan, M.D. as required under 20 CFR 404.1527 and 416.927. In December 2016, Dr. Hanahan completed a medical statement form assessing the claimant's physical abilities and limitations (Exhibit 44F, page 2). Dr. Hanahan opined that the claimant was unable to work any hours in an 8 hour workday; could never bend, stoop, or balance; occasionally perform fine and gross manipulation, and reach; should never work around dangerous equipment, heights, or operate a motor vehicle; could tolerate occasional exposure to heat, cold, noise, dust, smoke, or fumes (*Id.*). In addition, Dr. Hanahan opined that the claimant had limited distance vision, suffers from severe pain, and would miss work more than 3 times a month (*Id.*). Dr. Hanahan also completed an Off-Task/Absenteeism Questionnaire in December 2016, reiterating that the claimant would miss work more than 4 times a month due to chronic back pain, genitourinary pain, and side effects from chronic use of narcotic analgesics (Exhibit 44F, page 3). The Administrative Law Judge assigned little weight to Dr. Hanahan's opinion that the claimant could not work, noting that it was not consistent with his examination findings (Decision, page 8). However, there is no evaluation of the postural, manipulative, or environmental opinions provided by Dr. Hanahan, or his opinion regarding the claimant's off-task/absenteeism. Consideration of such opinions is required under 20 CFR 404.1527 and 416.927.

(Tr. 2647).

Plaintiff (represented by counsel), and a vocational expert ("VE") testified at a remand hearing before the ALJ on July 31, 2019. (Tr. 2591-2644). On September 17, 2019, the ALJ again found Plaintiff not disabled in a written decision. (Tr. 2570-81). Plaintiff timely filed the instant action on January 15, 2020. (Doc. 1).

## FACTUAL BACKGROUND

Personal Background and Testimony

Born in 1968, Plaintiff was 44 years old on his alleged onset date. *See* Tr. 234. He had past work as a police officer and correctional officer. (Tr. 2599). Plaintiff believed he could not work

due to back and knee pain, depression, a past heart attack, kidney cancer, diabetes, high blood pressure, and severe genitourinary problems. (Tr. 2601-05).

Plaintiff's diabetes was controlled with medication, but he suffered from related conditions such as eye bleeds and right foot neuropathy. (Tr. 2608). His kidney cancer was in remission (Tr. 2609), and he took long-term blood thinners since his heart attack (Tr. 2610).

Plaintiff lived with his wife and dog. (Tr. 2599). He helped care for his wife, who had multiple sclerosis. (Tr. 2606). He had difficulty performing household chores due to pain. (Tr. 2623-24).

Relevant Medical Evidence[1]

Plaintiff established care with Paul Hanahan, M.D., in February 2014 for back pain. (Tr. 1309-10). Throughout 2014, Plaintiff saw Dr. Hanahan for ongoing back and knee problems. (Tr. 1300-08). Dr. Hanahan treated the pain with medications and injections. *Id*.

As he treated with Dr. Hanahan throughout 2015, Plaintiff's back and knee pain continued. (Tr. 1890-93, 1884). He also reported ongoing prostate and genitourinary problems for which he saw a urologist. (Tr. 1884); *see also* Tr. 1307. Dr. Hanahan also treated Plaintiff's ongoing back pain (with medication) throughout 2016 and a urologist continued to treat his genitourinary problems. (Tr. 2385-93, 2793). In 2017, Plaintiff's back pain remained largely unchanged. (Tr. 2788-90, 4058-62). Dr. Hanahan continued Plaintiff's pain medications. *See id*. Plaintiff also continued to treat with a urologist for chronic genitourinary problems. (Tr. 2790-92, 4060).

Plaintiff's treatment with Dr. Hanahan continued throughout 2018, primarily for back pain. (Tr. 4050-56). He had limited pain relief with non-invasive treatments such as medications and

---

1. The Court will only summarize those medical records relevant to Plaintiff's arguments.

3

injections. (Tr. 4050-56). In November 2018, Plaintiff underwent a lumbar fusion with cage placement. (Tr. 4045). He reported substantial pain reduction following the procedure. (Tr. 4042).

Opinion Evidence

Dr. Hanahan completed two opinions in December 2016: (1) a "Medical Statement – Physical Abilities and Limitations" (Tr. 2528); and (2) an "Off-Task/Absenteeism Questionnaire" (Tr. 2529). In the "Medical Statement", he opined Plaintiff could not work any hours per day. (Tr. 2528). Plaintiff could never bend, stoop, balance, work around dangerous equipment, operate a motor vehicle, or tolerate heights. *Id*. He could occasionally engage in fine and gross manipulation of the hands bilaterally, raise both arms above shoulder level, and tolerate heat, cold, dust, fumes, or noises. *Id*. Plaintiff had limited distance vision and severe pain. *Id*. Finally, he opined Plaintiff would be absent more than three days per month. *Id*. In the "Off-Task/Absenteeism Questionnaire", Dr. Hanahan opined Plaintiff would be absent more than four days per month and be off-task at least 20% of the time. (Tr. 2529).

VE Testimony

A VE appeared and testified at the hearing before the ALJ. *See* Tr. 2637-43. The ALJ asked the VE to consider a person with Plaintiff's age, education, and vocational background who was physically and mentally limited as the ALJ determined Plaintiff to be. (Tr. 2638-40). The VE opined such an individual could not perform Plaintiff's past work, but could perform other jobs such as a ticketer, garment sorter, or checker. (Tr. 2639).

ALJ Decision

In his September 17, 2019 written decision, the ALJ found Plaintiff met the insured status requirements for DIB through December 31, 2018 and had not engaged in substantial gainful activity since his alleged onset date (April 23, 2012). (Tr. 2573). He concluded Plaintiff had severe

impairments of degenerative disc disease of the lumbar spine; disorders of the muscle, ligament, and fascia; osteoarthritis of the left knee; diabetes; essential hypertension; ischemic heart disease; disorders of the central nervous system; and depression and anxiety, but found these impairments (alone or in combination with any other) did not meet or medically equal the severity of a listed impairment. (Tr. 2574). The ALJ then set forth Plaintiff's residual functional capacity ("RFC"):

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can stand and walk four hours out of an eight hour day; occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, or crawl; must avoid even moderate exposure to hazards such as unprotected heights, moving machinery, and commercial driving; can tolerate a routine work setting; can respond appropriately to supervisors, coworkers and work situations if the work does not require more than superficial interaction, meaning that it does not require negotiating with, instructing, persuading or directing the work of others. As of January 1, 2019, the claimant's condition improved following surgery in November 2018 so that he could stand and walk for at least six hours in an eight-hour day.

(Tr. 2575-76). The ALJ found Plaintiff could not perform past relevant work; was a "younger individual" on the onset date (subsequently changing to a person "closely approaching advanced age"); and had a high school education. (Tr. 2579). The ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy. (Tr. 2580). Thus, the ALJ found Plaintiff not disabled from his alleged onset date through the date of the decision. (Tr. 2581).

## STANDARD OF REVIEW

In reviewing the denial of Social Security benefits, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as

5

a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)). Even if substantial evidence or indeed a preponderance of the evidence supports a claimant's position, the court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

## STANDARD FOR DISABILITY

Eligibility for benefits is predicated on the existence of a disability. 42 U.S.C. §§ 423(a), 1382(a). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a) & 416.905(a); *see also* 42 U.S.C. § 1382c(a)(3)(A). The Commissioner follows a five-step evaluation process—found at 20 C.F.R. §§ 404.1520 and 416.920—to determine if a claimant is disabled:

1. Was claimant engaged in a substantial gainful activity?

2. Did claimant have a medically determinable impairment, or a combination of impairments, that is "severe," which is defined as one which substantially limits an individual's ability to perform basic work activities?

3. Does the severe impairment meet one of the listed impairments?

4. What is claimant's residual functional capacity and can claimant perform past relevant work?

5. Can claimant do any other work considering his residual functional capacity, age, education, and work experience?

Under this five-step sequential analysis, the claimant has the burden of proof in Steps One through Four. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at Step Five to establish whether the claimant has the residual functional capacity to perform available work in the national economy. *Id.* The ALJ considers the claimant's residual functional capacity, age, education, and past work experience to determine if the claimant could perform other work. *Id.* Only if a claimant satisfies each element of the analysis, including inability to do other work, and meets the duration requirements, is he determined to be disabled. 20 C.F.R. §§ 404.1520(b)-(f) & 416.920(b)-(f); *see also Walters*, 127 F.3d at 529.

## DISCUSSION

Plaintiff raises a twofold objection to the ALJ's analysis of Dr. Hanahan's "Off-Task/Absenteeism" opinion. First, he contends the ALJ failed again, on the second try, to provide "good reasons" for discounting the opinion. Second, Plaintiff argues that because the ALJ failed to properly address the opinion, he committed reversible error by failing to follow the Appeals Council's remand order.

The ALJ explained his reasons for assigning partial weight to the "medical source statement" completed by Paul Hanahan, M.D., dated December 1, 2016:

> Partial weight is given to the medical source statement completed by Paul Hanahan, M.D. dated December 1, 2016. He indicated that the claimant could never work around heights, dangerous equipment or operating a motor vehicle, which is supported by the evidence in the record. However, he stated that the claimant was limited to occasional fine and gross manipulation and occasionally reaching over shoulder level but the evidence does not indicate that the claimant has any upper extremity problems and the claimant largely denied any problems at the hearing. He also indicated that the claimant could only occasionally tolerate heat, cold, dust, smoke fumes or noise exposure but there is also no evidence in the record regarding a diagnosis for such limitations. Furthermore, he indicated that the claimant has limited distance vision but this is corrected by eyeglasses. Moreover, he noted that the claimant would be absent four time[s] a month which is not supported by the objective medical evidence in the record. Finally, he concluded that the claimant could not work any hours, which is a decision reserved for the Commissioner of

7

> Social Security per 20 CFR 404.1527 and 416.927. Additionally, it must be noted that this medical source statement was completed prior to the claimant's back surgery in November 2018 and the evidence in the record establishes that the claimant's condition has improved significantly since the surgery (Exhibit 44F).

(Tr. 2578).

Just as Plaintiff argues, the ALJ did not address Dr. Hanahan's "Off-Task/Absenteeism" opinion here. He only addressed the "medical source statement" – they are two separate opinions. *Compare* Tr. 2528 (document titled "Medical Statement – Physical Abilities and Limitations"); *with* Tr. 2529 (document titled "Off-Task/Absenteeism Questionnaire"). Indeed, the ALJ did discuss, and discredit, Dr. Hanahan's opinion that Plaintiff would be absent four days per month. (Tr. 2578). However, this absenteeism opinion is included in the "medical source statement" (Tr. 2528) ("More than three times a month"); a separate absenteeism opinion is offered in the "Off-Task/Absenteeism" document (Tr. 2529) ("More than four times a month"), along with the off-task limitation which the ALJ missed here completely. The ALJ neglecting the off-task limitation is just one more clue the ALJ missed the second document. Taken literally, the Court interprets the ALJ's "four times a month" statement as his translation of the "more than three" limitation contained within the "medical source statement".

Plaintiff also points out that, by failing to address the "Off-Task/Absenteeism" opinion, the ALJ failed to comply with the Appeals Council's remand order. The Court agrees. The remand order states, in part:

> The Appeals Council hereby vacates the final decision of the Commissioner of social Security and remands this case to an Administrative Law Judge for resolution of the following issues: * * *

> [T]here is no evaluation of the postural, manipulative, or environmental opinions provided by Dr. Hanahan, *or his opinion regarding the claimant's off-task/absenteeism. Consideration of such opinions is required under* 20 CFR 404.1527 and 416.927.

8

(Tr. 2647) (emphasis added). In its order, the Appeals Council recognized Dr. Hanahan proffered two separate opinions, *id*. ("Dr. Hanahan also completed an Off-Task/Absenteeism Questionnaire in December 2016"), and ordered the ALJ to address it. An ALJ is required to "take any action that is ordered by the Appeals Council". 20 C.F.R. §§ 404.1577, 416.977; *Wilson v. Comm'r of Soc. Sec.*, 783 F. App'x 489, 496-97 (6th Cir. 2019) ("When a remand order contains detailed instructions concerning the scope of the remand and the issues to be addressed, 'further proceedings in the trial court or agency from which appeal is taken must be in substantial compliance with such directions; and if the cause is remanded for a specified purpose, any proceedings inconsistent therewith is [sic] error.'") (quoting *Mefford v. Gardner*, 383 F.2d 748, 758 (6th Cir. 1967)). Here, it is evident the ALJ did not do so, thus, remand is required.

The Commissioner concedes the ALJ missed Dr. Hanahan's opinion that Plaintiff would be off-task at least 20% of a workday, but argues the ALJ implicitly rejected it when he addressed absenteeism. (Doc. 16, at 14). This is a stretch too far. As noted above, the Court finds the ALJ addressed the absenteeism opinion within the "Medical Statement" (Tr. 2528), when he dismissed the "four time[s] per month" finding (Tr. 2578). However, this assessment by the ALJ tells the Court he only considered the content of the "Medical Statement", not the "Off-Task/Absenteeism" form. The Commissioner would like the ALJ's logic to transfer to a totally separate opinion proffered by Dr. Hanahan where he opined Plaintiff would be off-task at least 20% of his workday and absent more than four times per month. Asking the Court to credit the ALJ with an implicit rejection in this instance is akin to squeezing a square peg into a round hole. The Court simply is not in a position to say what the ALJ meant to conclude regarding the off-task limitation.

An ALJ is required to consider a treating physician's opinion and provide "good reasons" if discounting it. 20 C.F.R. §§ 404.1527, 416.927. Here, there is no indication the ALJ saw Dr.

9

Hanahan's second opinion, much less considered it. Moreover, by not addressing the opinion, the ALJ did not comply with the Appeals Council's remand order. Thus, the case must be again remanded for the Commissioner to fully consider and explain his consideration of Dr. Hanahan's "Off-Task/Absenteeism" opinion.

## CONCLUSION

Following review of the arguments presented, the record, and the applicable law, the Court finds the Commissioner's decision denying DIB and SSI not supported by substantial evidence and reverses and remands that decision for further proceedings consistent with this opinion.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE